Filed 11/26/24  P. v. Doulphus CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C098549 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR88403) |
| v. | |
| CHASE ALAN DOULPHUS, | |
| Defendant and Appellant. | |

In 2016, defendant Chase Alan Doulphus pled guilty to three counts of robbery and one count of voluntary manslaughter and admitted three firearm enhancements related to the robbery counts.  The trial court sentenced him to 42 years four months in state prison.  In 2022, defendant petitioned for resentencing under Penal Code section 1172.6.[1]  The trial court struck his manslaughter conviction and resentenced him to 38

---

[1]    Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

years four months.  Defendant appeals, arguing the trial court abused its discretion when it declined to dismiss any of the firearm enhancements or strike any associated punishment, which accounted for the bulk of his new sentence.  We conclude the trial court did not abuse its discretion because substantial evidence supports its finding that dismissal of the enhancements would endanger public safety.

In his reply brief, defendant also argued the trial court erred in failing to calculate and award him custody credits after resentencing.  We asked the People for supplemental briefing on that issue and they properly conceded the issue.  We will direct the trial court to recalculate custody credits and amend the abstract of judgment.  Finding no other error, we will otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, codefendant Roger Bounnhaseng worked on a marijuana farm with the victims, S.R, K.V., and G.P.[2]  Bounnhaseng also lived on the farm in a fifth-wheel trailer with S.R. and G.P.  One day, Bounnhaseng told G.P. he was leaving the farm and would return later.

The next morning, Bounnhaseng returned to the farm with defendant and defendant's brother, Alan Doulphus.[3]  Bounnhaseng, Alan, and defendant went to the trailer where S.R. and G.P. were sleeping, and Bounnhaseng woke them up by throwing zip-ties on them and telling them to tie themselves up.  Because the victims knew Bounnhaseng, they thought it was a joke until they walked out of the trailer and saw defendant and Alan, respectively, armed with a shotgun and a rifle.  Once outside, S.R.'s and G.P.'s hands were placed behind their backs, their wrists zip-tied, with duct-tape on

---

[2]     To protect their privacy, we refer to the victims and witnesses by their initials. (Cal. Rules of Court, rule 8.90(b)(4), (10).)

[3]     Given the shared surname with the defendant, we will refer to this witness by his first name to avoid any confusion.  No disrespect is intended.

their ankles and mouths, after which they were laid face down on the ground next to each other near the trailer.

Defendant and Alan went to a nearby tent, grabbed K.V., and brought him to the area where S.R. and G.P. were tied up. As they attempted to restrain K.V. with zip-ties and duct-tape, K.V. broke free and tried to run away. Defendant chased after K.V. and fired his shotgun at him. Alan also shot at K.V. as he attempted to escape. Defendant and Alan's shots collectively hit K.V. 11 to 12 times, and K.V. died from the gunshot wounds.

After chasing and shooting K.V., defendant and his codefendants loaded about 55 pounds of marijuana into their car and left the farm. Defendant then led a California Highway Patrol officer on a high-speed chase during which he reached speeds exceeding 100 miles per hour before crashing his car and injuring himself. Officers arrested defendant and seized the stolen marijuana, a pistol from the trunk of the car, and a magazine found outside the car which looked like it was associated with the pistol.

*Plea Agreement*

Defendant pled guilty to three counts of robbery (§ 211) and voluntary manslaughter (§ 192, subd. (a)) and admitted the enhancement allegations that he personally and intentionally discharged a firearm as to the commission of each robbery count (§12022.53, subd. (c)). The trial court sentenced defendant to the upper term of five years as the principal term for robbery, plus 20 years for the attendant firearm enhancement; consecutive one-year terms for the remaining two robbery counts, plus six years eight months for each attendant firearm enhancement; and a two-year term for voluntary manslaughter, for an aggregate term of 42 years four months.

*Resentencing Petition*

In 2022, defendant petitioned the trial court for resentencing pursuant to section 1172.6. Before the hearing, the trial court struck the voluntary manslaughter conviction. The prosecution acknowledged two enumerated factors in section 1385, subdivision (c)

3

applied: Multiple enhancements were alleged in a single case, and application of the enhancement could result in a sentence of over 20 years. (§ 1385, subd. (c)(2), (B) & (C).)

However, the prosecution opposed any further reduction of the sentence, arguing that the trial court should not dismiss any enhancements because defendant's "conduct on the day of the offense shows that he is very capable and willing to do a variety of things that would result in physical injury, serious danger, or the killing of others. Not only did [d]efendant fire the shot that killed the victim, all of his conduct from that day shows a blatant disregard for human life." The prosecution also stated that getting into "a high speed pursuit with law enforcement" further showed that defendant was a risk to public safety.

Defendant claimed the presence of enumerated mitigating factors in section 1385, subdivision (c)(2)(B) and (H) required the trial court to dismiss the enhancements unless it found dismissal of the enhancement would endanger public safety. Defendant also argued in mitigation that he participated in rehabilitative programming while in prison and did not have a significant criminal history. He presented certificates of completion from 10 rehabilitative courses and several letters of support from family and friends, including one from a correctional officer, which defense counsel said was "somewhat rare" and demonstrated defendant's "significant efforts while . . . in custody." Defense counsel asked the trial court to either strike all three enhancements, strike all enhancements except the one attached to the principal term, or have the enhancements run concurrently.

The trial court acknowledged that the enhancements did "result in a sentence that's over 20 years because one of them alone results in 20 years" and that multiple enhancements were alleged in this case. The trial court considered several mitigating factors, including defendant's youth at the time he committed the crimes, as well as documents submitted by defendant: reference letters, including one by a correctional

4

officer, evidencing his rehabilitative efforts in prison.  However, it found defendant's conduct during the commitment offense "unequivocally was the pinnacle of being dangerous" because someone died and multiple people were tied up and robbed at gunpoint.  On balance, the trial court found, "notwithstanding his continued betterment of himself . . . while he has been in prison" evidenced by his rehabilitation efforts, letters of support, and course certificates, "that the dismissal of those enhancements would without a doubt endanger public safety, and, as such, they will remain notwithstanding the changes to [section] 1385."

The trial court resentenced defendant to the middle term of three years for the principal robbery count plus a 20-year firearm enhancement and consecutive one-year sentences for the remaining robbery counts plus two six-year eight-month firearm enhancements for a total aggregate term of 38 years four months.  After imposing the new term, the trial court said, "All the credits and everything else will remain the same," and ordered an amended abstract of judgment sent to the Department of Corrections and Rehabilitation and all parties.

DISCUSSION

I

*Abuse of Discretion Under Section 1385*

Defendant contends the trial court abused its discretion by finding dismissal of any enhancement would endanger public safety.  We reject defendant's argument that "there was no basis" for the trial court to find dismissal of the enhancements would endanger public safety.[4]

---

**4**      Defendant also contends the trial court erred because it "did not even consider the option of dismissing any particular enhancement, or dismissing an enhancement and imposing a lesser term for an uncharged enhancement."  To the extent defendant intended this contention to be an independent ground to argue the trial court abused its discretion in failing to reduce an enhancement, it is forfeited because he failed to raise the

5

Section 1385, subdivision (c) requires a trial court "[i]n exercising its discretion . . . [to] consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) "Determining whether resentencing a defendant poses an unreasonable risk of danger to society is necessarily a forward-looking inquiry." *People v. Williams* (2018) 19 Cal.App.5th 1057, 1063; *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 229.) This "provision means that if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296, fn. omitted.) "[S]ection 1385[, subdivision ](c)(2) does not require the trial court to consider any particular factors in determining whether 'there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.' " (*Id.* at p. 299.)

We review the trial court's determination not to dismiss an enhancement for abuse of discretion and its factual findings for substantial evidence. (*People v. Mendoza, supra*, 88 Cal.App.5th at p. 298; *Carmony, supra*, 33 Cal.4th at p. 371; *In re White* (2020) 9 Cal.5th 455, 470.) Substantial evidence exists if, reviewing the " 'record in the light most favorable to the judgment[,]' " we conclude " ' " 'the circumstances reasonably justify the trier of fact's findings . . . .' " ' " (*People v. Alvarez* (2014) 229 Cal.App.4th 761, 774.) In the absence of evidence in the record to the contrary, we presume the trial

---

substantive issue in the trial court and failed to separately argue or develop the issue in his brief. (*People v. Carmony* (2004) 33 Cal.4th 367, 375-376 (*Carmony*); Cal. Rules of Court, rules 8.204(a)(1)(B), 8.360(a) [each point in a brief must be stated under a separate heading]; see *People v. Lombardo* (2020) 54 Cal.App.5th 553, 565, fn. 6 [declining to address an argument "because it was not stated under a separate heading or subheading"]; *People v. McElroy* (2005) 126 Cal.App.4th 874, 884, fn. 3 [same].)

court was aware of, and followed, the law. (*People v. Thomas* (2011) 52 Cal.4th 336, 361.) A trial court's discretion will not be disturbed on appeal unless the trial court exercised its discretion in an arbitrary, capricious, or absurd manner, given the particular facts of the case. (*Carmony, supra*, at pp. 376-377.)

The trial court considered several factors when deciding whether dismissing the enhancement would endanger the public, including the two present enumerated section 1385 mitigating circumstances. (§ 1385, subd. (c)(2), (B) & (H).) It also considered defendant's prison records, which showed significant rehabilitative efforts by defendant, including his "continued betterment of himself" and his prospects demonstrated by the completion of several self-help courses and the submission of several letters of support, including one from a correctional officer.

We conclude the trial court's finding that "dismissal of [the] enhancements would without a doubt endanger public safety" was prospective and supported by substantial evidence. (§ 1385, subd. (c)(2); *People v. Williams, supra,* 19 Cal.App.5th at p. 1063.) The court considered defendant's serious criminal misconduct, in which he tied up three people; robbed them at gunpoint; fired a shotgun multiple times, killing one of the victims; and then got into a high-speed chase with law enforcement that resulted in a car crash in which he was injured. This conduct was found to outweigh the mitigating factors and supports the trial court's finding that dismissing the enhancements would endanger public safety. Its decision certainly was not arbitrary or capricious. We therefore find no abuse of discretion.

II

*Custody Credits*

Defendant also argues the trial court erred in failing to award presentence custody credits, which may be raised at any time on appeal. (*People v. Karaman* (1992) 4 Cal.4th 335, 345-346, fn. 11, 349, fn. 15.) We requested supplemental briefing from the People

7

on whether the trial court is required to recalculate defendant's custody credits and to amend the abstract of judgment. The People concede this issue, and we agree.

A defendant is entitled to custody credit for the time between the original sentencing and resentencing. (§ 2900.1 [when a sentence that a defendant is currently serving is modified, the time already served shall be credited upon resentencing]; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23 [when a resentencing occurs and results in modification of a felony sentence during the term of imprisonment, "the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence,' " but not award conduct credit].)

When the trial court sentenced defendant in 2016 it awarded him 1,092 days of custody credit (950 actual days plus 142 of conduct credit). At the 2023 resentencing, the trial court awarded defendant the same number of custody credits. The trial court failed to award defendant *any* actual custody credits for the time defendant spent in prison between the original sentencing in 2016 and resentencing in 2023. This was an error.

DISPOSITION

The trial court is directed to recalculate defendant's presentence custody credits, prepare an amended abstract of judgment incorporating those credits, and forward the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

 

_____\s\_____ ,
                              Krause, J.


We concur:


_____\s\_____ ,
Hull, Acting P. J.


_____\s\_____ ,
Feinberg, J.