Filed 9/30/25  P. v. Dowell CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338130 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA049692) |
| v. | |
| BRADLEY JAMES DOWELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed as modified and remanded with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Deepti Vaadyala, Deputy Attorneys General, for Plaintiff and Respondent.

——————————————

Bradley Dowell appeals from the superior court's judgment after resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess., Stats. 2021, ch. 728, § 3), codified as Penal Code section 1172.75 (formerly section 1171.1).[1] The court struck Dowell's one-year prior prison term enhancement under section 667.5, former subdivision (b), reducing his aggregate sentence by one year, but the court declined Dowell's request to further reduce his sentence.

Dowell challenges the court's reliance on circumstances in aggravation not stipulated to or found true beyond a reasonable doubt to reimpose the upper term on the count for attempted voluntary manslaughter. He also contends the court abused its discretion by failing to strike several enhancements for having a prior serious felony conviction, personally inflicting great bodily injury, and personally using a knife. Finally, he asserts the court must calculate his actual custody credits and vacate his restitution fine. We remand with directions to issue a new, corrected abstract of judgment. Otherwise, we affirm.

---

[1] Further statutory references are to the Penal Code. Effective January 1, 2022, section 1171.1 was renumbered to section 1172.75 with no change in text. (Assem. Bill No. 200 (2021-2022 Reg. Sess., Stats. 2022, ch. 58, § 12).)

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Evidence at Trial*[2]

　　1.    *Prosecution evidence*

　　On August 18, 2004, around 1:00 a.m., Dowell was at a bar with his sister Diana Tisinger and her friend.  Tisinger and her friend started a verbal confrontation with Alysan Achen, another woman at the bar.  While Achen was exchanging words with Tisinger and her friend, Dowell picked up a pint glass and threw it at Achen's face.  Dowell then pulled out all the hair on the right side of Achen's head, spit at her, and repeatedly hit and stomped on her.  Another man at the bar, Joseph Rispaud, ran over to Achen and told Dowell to stop hitting her.  Dowell struck Rispaud in the back of the jaw and head.  Rispaud fell backwards, hit a bar stool, and blacked out on the floor.  Achen was hospitalized for almost a month, and Rispaud was also treated at the hospital.

　　On March 3, 2007, around 12:30 a.m., Dowell was at a different bar with his sister Tisinger and Ron Garmen.  Dowell had a knife in his pocket.  A fight broke out outside the bar between Dowell's group and another group of men, including Daniel Correa and Jarrod Anderson.  Dowell stabbed Correa in the neck, killing him.  Dowell also stabbed Anderson in the neck.

　　2.    *Defense evidence*

　　Dowell testified at trial that on August 18, 2004, he tried to break up the argument between Tisinger, her friend, and Achen. He stated he threw a plastic glass in Achen's direction, but not at

---

[2]    We summarize the facts from our prior opinion on Dowell's direct appeal.  (*People v. Dowell* (Nov. 2, 2010, B215971) [nonpub. opn.].)

her. He admitted he punched Rispaud, but he denied pulling Achen's hair and hitting her.

He also testified that on March 3, 2007, he was outside a bar with Tisinger and Garmen when another man from the bar punched Garmen in the face. A fight broke out among 10 people, including Dowell and Tisinger. Afraid for his, Tisinger's, and Garmen's lives, Dowell stabbed two people in defense of himself and others.

## B.    *Verdict and Sentence*

A jury convicted Dowell of assault with a deadly weapon on Achen (§ 245, subd. (a)(1)), assault by means likely to produce great bodily injury on Achen (§ 245, subd. (a)(4)), battery with serious bodily injury on Achen (§ 243, subd. (d)), misdemeanor battery on Rispaud (§ 243, subd. (a)), second degree murder of Correa (§ 187, subd. (a)), and attempted voluntary manslaughter of Anderson (§§ 192, subd. (a), 664). As to the two assault counts and attempted voluntary manslaughter count, the jury found Dowell personally inflicted great bodily injury (§ 12022.7, subd. (a)). As to the second degree murder and attempted voluntary manslaughter counts, the jury found Dowell personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)).

In a bifurcated proceeding, the court found Dowell had served two prior prison terms (§ 667.5, former subd. (b)). The court also found he had one prior felony conviction from 1999 for assault with a deadly weapon (§ 245, subd. (a)(1)), constituting both a "strike" under the "Three Strikes" law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)), and a prior serious felony conviction under section 667, subdivision (a)(1).

4

The court sentenced Dowell to a total term of 55 years and six months to life.[3] For the murder, the court imposed 37 years to life in state prison, consisting of 15 years to life, doubled to 30 years under the Three Strikes law, plus five years for the prior serious felony enhancement, one year for the knife enhancement, and one year for one of the prior prison term enhancements. The court did not impose the second prior prison term enhancement, noting that Dowell served concurrent sentences for his two prior felony convictions. (See *People v. Grimes* (2016) 1 Cal.5th 698, 739 [" 'a defendant who has served concurrent or consecutive prison sentences on various commitments is deemed to have served only one prior prison term for the purpose of the enhancement provisions of . . . section 667.5' "]; *People v. Jones* (1998) 63 Cal.App.4th 744, 749-750 [where defendant received two concurrent terms, only one prior prison term enhancement was proper]).

For the attempted voluntary manslaughter offense, the court imposed 15 years in state prison, consisting of the upper term of five and a half years, doubled to 11 years under the Three Strikes law, plus three years for the great bodily injury enhancement and one year for the knife enhancement. For the

_____

[3]  The initial abstract of judgment filed on May 7, 2009, mistakenly calculated the total term as "60 years to life, plus 180 days in county jail," but the amended abstract of judgment filed on May 21, 2019 does not include this error. The resentencing court in 2024 also mistakenly referred to the total original term as "60 years to life in state prison." The record does not reflect that an abstract of judgment was prepared following the 2023-2024 resentencing. We direct the superior court to prepare a new abstract of judgment that reflects the correct total term, as well as additional corrections we discuss below.

assault with a deadly weapon count, the court imposed three years in state prison, consisting of one year (one-third the middle term), doubled to two years under the Three Strikes law, plus one year for the great bodily injury enhancement (one-third of the middle term). For the misdemeanor battery offense, the court imposed six months in county jail. The court imposed and stayed sentences for the assault by means likely to produce great bodily injury and battery with serious injury.

Dowell appealed his conviction, and we affirmed the judgment in 2010. (*People v. Dowell* (Nov. 2, 2010, B215971) [nonpub. opn.].) In 2019, Dowell filed a motion in the superior court to modify his sentence, challenging the court's order that he pay restitution fines. The superior court denied his motion, and we affirmed the postjudgment order. (*People v. Dowell* (Sep. 1, 2020, B300343) [nonpub. opn.].)

C.      *Resentencing in 2023 and 2024*

In 2021, the Legislature invalidated all section 667.5, subdivision (b), prior prison term enhancements that were imposed prior to January 1, 2020, and did not arise from convictions for sexually violent offenses. The Legislature enacted section 1172.75, which provides a procedure for resentencing inmates serving terms that include those now-invalid enhancements. (§ 1172.75, subd. (a).)

In November 2023, Dowell filed a "Motion for Full Resentencing" under section 1172.75. In the motion, Dowell indicated that the California Department of Corrections and Rehabilitation (CDCR) had notified the superior court that he

6

was eligible for resentencing under section 1172.75.[4]  He argued the court should, in addition to striking his prior prison term enhancement, grant him a "full resentencing" during which the court should apply "[a]meliorative changes in the law" that had been enacted since his original sentencing.  These changes included the following:  (1) Senate Bill No. 1393 (2017–2018 Reg. Sess.), which amended sections 667 and 1385 to allow a court to strike a five-year prior serious felony enhancement in furtherance of justice (Stats. 2018, ch. 1013, §§ 1, 2); (2) Senate Bill No. 81 (2021–2022 Reg. Sess., Stats. 2021, ch. 721, § 1) (Senate Bill 81), which amended section 1385 to allow the dismissal of certain enhancements in the interest of justice; and (3) Senate Bill No. 567 (2021-2022 Reg. Sess., Stats. 2021, ch. 731, § 1.3) (Senate Bill 567), which amended section 1170, subdivision (b), to make the middle term the presumptive sentence for a determinate term.

Relevant here, Dowell requested the court impose the middle term of three years for attempted voluntary manslaughter and strike "all the enhancements . . . including the prior strike conviction."  Regarding the enhancements, Dowell argued the court, under section 1385, should afford "great weight" to several mitigating circumstances, including that (1) multiple enhancements were alleged in the case, (2) the application of the enhancements resulted in a sentence of over 20 years, (3) the current offense was connected to prior childhood trauma, (4) all the counts, except for the murder count, are not violent felonies, and (5) his strike conviction is over five years old.

---

[4]     The People concede that Dowell's "name appeared on a list prepared by [CDCR] indicating that he was eligible for resentencing pursuant to section 1172.75."

At a hearing in December 2023, the court struck Dowell's one-year prior prison term enhancement,[5] reducing his aggregate sentence by one year to a total of 54 years and six months to life. The court then continued the hearing to a later date to address Dowell's remaining requests. At a later hearing in May 2024, the court declined Dowell's request to further reduce his sentence.

Dowell timely appealed.

## DISCUSSION

A.  *Section 1172.75 and Standards of Review*

Effective January 1, 2022, Senate Bill No. 483 added section 1172.75 to the Penal Code. (*People v. Christianson* (2023) 97 Cal.App.5th 300, 310 (*Christianson*).) Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75, subdivision (b), instructs the CDCR or county correctional administrator to " 'identify those persons in [its] custody currently serving a term . . . that includes an enhancement' " for a prior prison term under section 667.5, subdivision (b), and " 'provide the name of each [such] person . . . to the sentencing court that imposed the enhancement.' " (*Christianson, supra*, 97 Cal.App.5th at p. 310, quoting § 1172.75,

---

[5]     The resentencing court stated that a second prior prison term enhancement had been stayed, and it would strike the stayed enhancement. However, as noted, the sentencing court never imposed the second prior prison term enhancement.

subd. (b).)  The sentencing court "shall review the judgment" and verify that the judgment includes a prior prison term enhancement.  (§ 1172.75, subd. (c).)  "If the court determines that the current judgment includes [such] an enhancement . . . the court shall recall the sentence and resentence the defendant." (*Ibid.*; see *Christianson*, at p. 310.)

Section 1172.75 outlines "specific instructions" for resentencing.  (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) Relevant here, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)  Additionally, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that . . . have been stipulated to by the defendant, or have been found true beyond a reasonable doubt."  (§ 1172.75, subd. (d)(4).)  "[S]ection 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855.)

We review the superior court's sentencing decisions for abuse of discretion (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 205-206), including its decision not to strike a sentence enhancement under section 1385 (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298).  " 'To prove an abuse of discretion, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.' " ' "

9

(*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.)  "A trial court may also abuse its discretion . . . 'where the trial court was not "aware of its discretion" ' to dismiss a sentencing [enhancement] under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' "  (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)  We review questions of law and statutory interpretation de novo.  (See *People v. Mathis* (2025) 111 Cal.App.5th 359, 366, review granted Aug. 13, 2025, S291628 (*Mathis*).)

B.    *The Court Did Not Err by Reimposing the Upper Term on the Attempted Voluntary Manslaughter Count*

Dowell contends that the superior court violated his Sixth Amendment rights by reimposing the upper term on the attempted voluntary manslaughter count based on a circumstance in aggravation that was neither stipulated to nor found true beyond a reasonable doubt, as required by amended section 1170, subdivision (b)(2).  We reject his argument.

As noted, section 1172.75, subdivision (d)(2), directs a court conducting a resentencing to "apply any . . . changes in law that reduce sentences or provide for judicial discretion."  After Dowell's original sentencing and prior to his resentencing, Senate Bill 567 amended section 1170, subdivision (b)(1), to provide:  "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as provided in paragraph (2)."  Subdivision (b)(2) provides:  "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment

10

exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); see also Cal. Rules of Court, rule 4.420.)

Dowell argues the changes to section 1170, subdivision (b), constitute a "change[] in law" within the meaning of section 1172.75, subdivision (d)(2), that must be applied in resentencing a defendant under section 1172.75. However, in the same legislative session in which the Legislature passed Senate Bill 567, it added section 1172.75, subdivision (d)(4), to provide that, before any aggravating factors may be used to impose an upper term sentence at a resentencing under section 1172.75, the defendant must have admitted them or they must have been found true beyond a reasonable doubt, "*[u]nless the court originally imposed the upper term*." (§ 1172.75, subd. (d)(4), italics added.) We must reconcile the directives of section 1170, subdivision (b)(2), and subdivisions (d)(2) and (d)(4) to section 1172.75 to determine whether the superior court was permitted to impose the upper term in resentencing Dowell, despite the fact that the aggravating factor relied on by the court in resentencing him was neither stipulated to nor found true beyond a reasonable doubt.[6]

---

[6] The court relied on the aggravating circumstance that Dowell was on probation at the time of the commission of the offense. (Cal. Rules of Court, rule 4.421(b)(4).) We assume without deciding that a defendant's probation status is a fact that must be proved beyond a reasonable doubt under section 1170, subdivision (b)(2). (See *People v. Wiley* (2025) 17 Cal.5th 1069, 1084 ["any fact, beyond the bare fact of a prior conviction, that

11

"The fundamental goal of statutory interpretation is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.  [Citation.]  ' " ' "We begin by examining the statute's words, giving them a plain and commonsense meaning.' " ' " [Citation.]  [¶]  'We do not, however, consider the statutory language "in isolation."  [Citation.]  Rather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . ." ' [Citation.]  'That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' " ' [Citation.]  'We must harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole." ' [Citation.]  [¶]  'We must follow the statute's plain meaning, if such appears, unless doing so would lead to absurd results the Legislature could not have intended.' . . .  [¶]  ' " ' "Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' " ' " (*People v. Luu* (2025) 110 Cal.App.5th 1051, 1059-1060, review granted July 16, 2025, S291235; accord, *People v. Lewis* (2021) 11 Cal.5th 952, 961.)

We agree with the Third District's conclusion in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 (*Brannon-Thompson*), that subdivision (d)(4) of section 1172.75 "carves out an exception to the general rule [set forth in section 1172.75, subdivision (d)(2)] that all ameliorative changes to the law must

---

exposes a defendant to harsher punishment, must be found by a jury beyond a reasonable doubt, unless the defendant stipulates to its truth or waives a jury trial"].)

12

be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." Accordingly, "the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson*, at pp. 466-467; accord, *Mathis*, *supra*, 111 Cal.App.5th at p. 374, review granted ["Section 1172.75, subdivision (d)(4), . . . expresses the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the defendant was originally, lawfully sentenced to an upper term."].)

Dowell urges us to follow the Sixth District's decision in *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 327-330 (*Gonzalez*), which disagreed with *Brannon-Thompson*'s interpretation of section 1172.75, subdivision (d)(4). (*Gonzalez*, at p. 330.) The *Gonzalez* court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Id*. at pp. 328-329.) However, the court reasoned that "allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would [have] Sixth Amendment implications." (*Id*. at p. 330.) The court concluded this was so because, as the California Supreme Court held in *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), "[t]he requirement of additional factfinding . . . brings the Sixth Amendment into

13

play." (*Id*. at p. 759; see *Gonzalez*, at pp. 329-330.)[7] As *Lynch* explained, "to safeguard the Sixth Amendment jury trial guarantee[,] 'any fact that *exposes* a defendant to a greater *potential* sentence must be . . . established beyond a reasonable doubt.' " (*Lynch*, at p. 760.)

We disagree that the Sixth Amendment is implicated here. The First District recently addressed the issue in *Mathis*, *supra*, 111 Cal.App.5th 359, review granted, and held no Sixth Amendment concern is present in an analogous situation. As the *Mathis* court explained, in 2007, "the United States Supreme Court held [in *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*)] that California's upper term sentencing scheme violated the Sixth Amendment right to a jury trial because it allowed a defendant's prison sentence to be increased beyond the statutory maximum[8] based on facts that had not been found true beyond a reasonable doubt by a jury or admitted by the defendant." (*Id*. at p. 370; see *Cunningham*, at pp. 274-275.) *Cunningham* noted that California could comply with the Sixth

---

7       The California Supreme Court recently granted a petition for review of an unpublished Court of Appeal decision to resolve the split over whether section 1172.75, subdivision (d)(4), allows a superior court to reimpose an upper term sentence when the circumstances in aggravation were neither stipulated to nor found true beyond a reasonable doubt. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

8       "The statutory maximum, for Sixth Amendment purposes, is the maximum sentence the court may impose without finding any additional facts beyond those necessary to support the verdict." (*Mathis*, *supra*, 111 Cal.App.5th at p. 370, review granted.)

14

Amendment either "by calling upon the jury . . . to find any fact necessary to the imposition of an elevated sentence" or by "permit[ting] judges genuinely 'to exercise broad discretion . . . within a statutory range,' which, 'everyone agrees,' encounters no Sixth Amendment shoal." (*Cunningham*, at p. 294; see *Lynch*, *supra*, 16 Cal.5th at p. 747.) Shortly after the Supreme Court's decision, "our Legislature chose *Cunningham*'s second option" and amended section 1170, subdivision (b), "to grant trial courts 'broad discretion' to choose between the lower, middle, and upper terms." (*Mathis*, at p. 371; see *Lynch*, at p. 748.) That sentencing scheme was in effect until 2022, when, as discussed, the Legislature passed Senate Bill 567 to amend section 1170, subdivision (b)(1) and (b)(2), thereby adopting the first option in *Cunningham*. (*Mathis*, at p. 371; see *Lynch*, at pp. 747-748.)

Dowell was originally sentenced in 2009. Like the defendant in *Mathis*, who was originally sentenced in 2017, Dowell's "sentence was imposed pursuant to the version of section 1170, subdivision (b), that granted the trial court broad discretion to select any of the three applicable prison terms." (*Mathis*, *supra*, 111 Cal.App.5th at p. 373, review granted.) Accordingly, the court's selection of the upper term at Dowell's 2009 sentencing "encounter[ed] no Sixth Amendment shoal." (*Cunningham*, *supra*, 549 U.S. at p. 294; see *Lynch*, *supra*, 16 Cal.5th at pp. 747-748; *Mathis*, at p. 373.) We agree with *Mathis* that "[w]here, as here, the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4)." (*Mathis*, at pp. 373-374.) Therefore, the superior court here

15

properly reimposed the upper term at Dowell's resentencing hearing.

C.  *The Court Did Not Abuse Its Discretion in Declining To Strike the Enhancements*

Dowell asserts the court abused its discretion when it declined to strike his enhancements for having a prior serious felony conviction (§ 667, subd. (a)(1)), personally inflicting great bodily injury (§ 12022.7, subd. (a)), and personally using a knife (§ 12022, subd. (b)(1)).[9]  He contends the court erred because it did not properly consider under section 1385 whether he would be a danger to public safety "when released . . . in the future," "given [his] lengthy sentence."  To support his argument, he cites *People v. Williams* (2018) 19 Cal.App.5th 1057 for the proposition that, when considering whether a defendant would pose a danger to public safety, the court must conduct a "forward-looking inquiry" and "look to when a defendant would be released."  (*Id.* at p. 1063; accord, *People v. Gonzalez, supra*, 103 Cal.App.5th at pp. 228-229.)

Effective January 1, 2022, Senate Bill 81 amended section 1385 by adding subdivision (c).  Subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  Subdivision (c)(2) provides:  "In exercising its discretion

---

[9]  To the extent Dowell contends his prior strike conviction is an "enhancement" under section 1385, we reject his argument. "It is . . . well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme."  (*People v. Burke* (2023) 89 Cal.App.5th 237, 243.)

16

under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  Senate Bill 81 is a "change[] in law" the court must apply at a section 1172.75 resentencing.  (See *People v. Cota* (2023) 97 Cal.App.5th 318, 334.)

Dowell has not met his burden of showing the superior court abused its discretion.  In declining to strike Dowell's enhancements, the court reasoned that "[b]ased on the facts of this case, . . . [Dowell's] prior history of violence, [Dowell's] prior strike conviction, and the jury's verdict, . . . it would endanger public safety to dismiss any sentencing enhancements, and it would not be in the interest of justice to do so."  The court also noted that Dowell would "have an opportunity to be paroled . . . in the next 10 years" and if he "kep[t] up the work [he had] been doing, [he will] probably have a very high likelihood of getting paroled at that time."

While the superior court did not explicitly consider Dowell's future danger to society, the court " 'is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.' " (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.)  When, as here, the record is silent as to whether the court conducted a forward-thinking inquiry, we presume the court " ' "correctly applied the law." ' " (*Ibid.*; cf. *People v. Gonzalez, supra,*

17

103 Cal.App.5th at p. 228 [trial court abused its discretion because it explicitly found it was required to consider only whether defendant *currently* posed a danger].)  Nothing in the record rebuts that presumption.

D.    *The Court Is Directed To Prepare a New Abstract of Judgment Reflecting the Prior Prison Term Enhancement Was Stricken and Correcting Dowell's Custody Credits, Restitution Fine, and Prior Serious Felony Enhancement*

1.    *Prior prison term enhancement*

As noted, the resentencing court struck Dowell's one-year prior prison term enhancement under section 667.5, former subdivision (b).  However, it does not appear that the court prepared an amended abstract of judgment after the resentencing.  The court is directed to prepare a new abstract reflecting it struck the one-year enhancement.

2.    *Custody credits*

Dowell contends, the People concede, and we agree the court erred by failing to calculate Dowell's actual custody credits.

When a trial court resentences a defendant who is currently in custody, " 'the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody.' " (*People v. Sek* (2022) 74 Cal.App.5th 657, 673; see *People v. Buckhalter* (2001) 26 Cal.4th 20, 29-31, 37.)

At Dowell's original sentencing on May 6, 2009, the court awarded him 791 days of actual custody credit.  His resentencing hearing was on May 15, 2024, which was 5,489 days later.  Counting both the actual days he served before his original

18

sentence and the actual days he served at the time of the resentencing, Dowell spent 6,280 days in custody. (§ 2900.5, subd. (a).)

At the resentencing, the court did not calculate Dowell's actual days in custody; instead, it ruled, "[CDCR] to calculate all credits." On remand, the court is directed to ensure the new abstract of judgment reflects Dowell's 6,280 actual days of custody. (*People v. Sek*, *supra*, 74 Cal.App.5th at p. 673.)[10]

3.     *Restitution fine*

Dowell contends, the People concede, and we agree the court should vacate Dowell's restitution fine of $10,000 (§ 1202.4, subd. (b)). On January 1, 2025, after Dowell's resentencing, section 1465.9, subdivision (d), became effective, making the balance of restitution fines imposed under section 1202.4 "unenforceable and uncollectible" 10 years after they were imposed, and requiring "any portion of a judgment imposing those fines [to] be vacated." (§ 1465.9, subd. (d), enacted in Assem. Bill No. 1186 (2023-2024 Reg. ess.) (Stats. 2024, ch. 805, § 1).) This subdivision applies retroactively to Dowell's sentence. (See *In re Estrada* (1965) 63 Cal.2d 740, 744 [absent evidence to the contrary, we presume ameliorative criminal statutes apply retroactively to all nonfinal judgments].) Accordingly, Dowell's restitution fine of $10,000, which was imposed in 2009, over 10 years ago, must be vacated.

---

[10]     Calculation of Dowell's *conduct* credits following his original sentencing hearing is the responsibility of the CDCR. (*People v. Dean* (2024) 99 Cal.App.5th 391, 397; *People v. Sek*, *supra*, 74 Cal.App.5th at p. 673.)

19

4. *Prior serious felony enhancement*

The sentencing court imposed one five-year enhancement for a prior serious felony under section 667, subdivision (a)(1), as to the murder count. Thus, the initial abstract of judgment filed on May 7, 2009, includes one section 667, subdivision (a)(1) enhancement. However, the amended abstract of judgment filed on May 21, 2019, reflects an additional section 667, subdivision (a)(1) enhancement, without any explanation. The court is directed to ensure the new abstract of judgment reflects only one five-year prior serious felony enhancement.

## DISPOSITION

The superior court is directed to prepare and then forward to the CDCR a new abstract of judgment reflecting the following corrections: the vacated one-year prior prison term enhancement; only one five-year enhancement under section 667, subdivision (a)(1); a total sentence of 54 years and 6 months to life; 6,280 days of actual custody credit; and the vacated restitution fine. The judgment is affirmed as modified.

STONE, J.

We concur:

SEGAL, Acting P. J.

FEUER, J.

20