Filed 12/19/25  P. v. English CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATHEW PATRICK ENGLISH,<br><br>    Defendant and Appellant. | D083942<br><br><br><br>(Super. Ct. No. SCD199330) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Reversed and remanded with directions.

Alex Coolman, under appointment by the Court of Appeal; Appellate Defenders, Inc. and Anna M. Jauregui-Law for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General for Plaintiff and Respondent.

Mathew Patrick English appeals from an order denying his request for full resentencing under Penal Code[1] section 1172.75. English contends the trial court applied the incorrect legal standard in denying any relief beyond striking his section 667.5, subdivision (b) prison prior. We conclude the trial court was required to but did not recall English's original 2007 sentence and conduct a full resentencing as mandated by section 1172.75. We therefore reverse and remand.

PROCEDURAL BACKGROUND

In 2007, a jury convicted English of eight counts of robbery. (§ 211.) As to each count, the jury found he used a firearm within the meaning of section 12022.53, subdivision (b). English further admitted prior convictions within the meaning of sections 667.5, subdivision (b), and 667, subdivisions (b)-(i), as well as a previous strike conviction. The court sentenced him to a total prison term of 54 years four months, including a one-year enhancement for a prison prior under section 667.5, subdivision (b).

In 2023, English requested a recall of his sentence and full resentencing under section 1172.75 based on the fact that his judgment included a now-invalid prison prior enhancement under section 667.5, subdivision (b).

The court appointed counsel for English and held a hearing on the matter. At the hearing, the court acknowledged that English was eligible for relief under section 1172.75 "by virtue of the fact that he does have a prison prior as a part of his sentence." The court ruled that "the prison prior is legally unauthorized and is ordered stricken at this time." However, the

---

[1] Further undesignated statutory references are to the Penal Code.

court denied "any further resentencing, or any recall." Accordingly, the court reduced English's sentence by one year, to 53 years 4 months.

In reaching this result, the court relied on the papers submitted by the parties, English's criminal record, the original 2007 probation report, and English's "C-file" from prison, which contained both evidence of rehabilitation and numerous disciplinary violations, including one that resulted in another criminal conviction for a stabbing.

In its final ruling, the court stated: "The question for this Court is whether the conduct in prison is sufficient to warrant deviating from the original term, or by making the term lower, would endanger public safety. . . . [T]he Court finds that there is a lack of clear and convincing evidence that reflects this defendant's age and time served would reduce the defendant's risk of future violence. [¶] By clear and convincing evidence I find that circumstances have not changed to the extent that lowering his time of incarceration would serve the interest of justice. [¶] Specifically, I do think he is a risk to public safety, endangers public safety, and I do not think lowering the term, other than removing the prison prior, which is legally authorized, would serve the interest of justice. Accordingly, any further resentencing, or any recall, at this time, is denied."

## DISCUSSION

English argues that the trial court misapplied the governing legal standard in denying any section 1172.75 relief beyond striking his prison prior.

Before 2020, section 667.5, subdivision (b), "required that trial courts 'impose a one-year term for each prior separate prison term or county jail term' that the defendant had served." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 309 (*Christianson*).) Effective January 1, 2020, the

Legislature amended section 667.5, subdivision (b) to limit the one-year prison prior enhancement to only prison terms served for convictions of sexually violent offenses. (*Ibid.*) The Legislature subsequently made this change retroactive through the enactment of section 1172.75. (*Id.* at pp. 309–310; § 1172.75, subd. (a).)

Section 1172.75 includes "a mechanism for identifying and resentencing individuals currently serving a term in jail or prison that includes a now invalid section 667.5, subdivision (b) sentence enhancement." (*Christianson, supra*, 97 Cal.App.5th at p. 310.) After eligible individuals are identified and their information provided to the sentencing court, "the sentencing court 'shall review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75] subdivision (a). If the court then determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' " (*Ibid.*) That resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

Although the record here is somewhat muddled, we conclude the trial failed to follow the mandated statutory procedure. The court acknowledged that English was eligible for relief under section 1172.75 "by virtue of the fact that he does have a prison prior as a part of his sentence." The court therefore struck the legally invalid prison prior but it did not recall the original sentence or conduct a full resentencing hearing. On the contrary, the court explicitly denied "any further resentencing, or any recall." To conduct a full resentencing, the court would have had to pronounce sentence on each of

4

the individual robbery counts and enhancements just as it did at the original sentencing.  It did not do so.  All it did was strike the prison prior.

Section 1172.75 does not permit a court to proceed in this manner.  The statute requires that whenever the judgment includes a now-invalid prison prior enhancement imposed before January 1, 2020, "the court *shall recall and resentence* the defendant."  (§ 1172.75, subd. (c), italics added.)  "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); accord *People v. Rhodius* (2025) 17 Cal.5th 1050, 1067, fn. 3. ["where § 1172.75 applies, it requires full resentencing, not simply striking the now-invalidated priors"].)  In other words, the statute mandates "that the resentencing court will make new sentencing decisions on each count of conviction under certain limitations."  (*People v. Rogers* (2025) 108 Cal.App.5th 340, 361 (*Rogers*).)  In doing so, the court must "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)

We therefore conclude that the trial court misapplied the statute in merely striking the prison prior.  Section 1172.75 does not allow the court to skip over the mandated recall and resentencing and just strike the prison prior on the basis of findings like those made by the trial court, such as that the defendant's conduct in prison is not "sufficient to warrant deviating from the original term" or that "circumstances have not changed to the extent that lowering his time of incarceration would serve the interest of justice" or that his "age and time served" would not "reduce the defendant's risk of future violence."  These considerations all have no relevance to the threshold question of whether the original sentence must be recalled and a

5

full resentencing conducted. Under the statute, the *only* condition for a mandatory recall and full resentencing is that "the current judgment includes an enhancement described in subdivision (a)" (§ 1172.75, subd. (c)), i.e., a currently invalid prison prior imposed before January 1, 2020. (*Id.*, subd. (a); see also *Rogers, supra*, 108 Cal.App.5th at p. 358 [section 1172.75 "requires a trial court to 'recall' a defendant's sentence '[i]f the court determines that the current judgment includes' an invalid prison prior"].)

As the trial court acknowledged, English's 2007 judgment satisfied this sole condition because it included a now-invalid prison prior imposed before January 1, 2020. He was therefore entitled to a recall of his original sentence and full resentencing. "[T]he Legislature, by mandating a recall of the defendant's sentence, directed the trial court to nullify the original sentence and impose a new sentence."[2] (*Rogers, supra*, 108 Cal.App.5th at p. 360.)

The trial court's failure to conduct a full resentencing requires reversal and remand unless the record clearly indicates it would have imposed the same sentence applying current sentencing laws. (See *People v. Salazar* (2023) 15 Cal.5th 416, 425–430 (*Salazar*) [finding it would be speculative to conclude the trial court would have imposed the same sentence absent a clear indication in the record].) The Supreme Court has suggested that this "clear

[2]    English has preserved this argument by specifically arguing in the trial court that he was entitled to a recall of his original sentence and full resentencing under section 1172.75 and by asserting on appeal that the trial court's order should be reversed and remanded for full resentencing because it misunderstood and misapplied the applicable legal standards in denying any relief beyond striking the prison prior. In his opening brief, English quoted *Monroe, supra*, 85 Cal.App.5th at page 402, for the proposition that " 'section 1172.75 requires a full resentencing hearing, not merely that the trial court strike the newly "invalid" enhancements.' " Even though the issue could otherwise have been briefed more directly, it was "fairly included within the issues actually raised." (*People v. Alice* (2007) 41 Cal.4th 668, 677.)

6

indication" standard requires some "kind of definitive statement[]" by the trial court that "clearly indicate[s] it would not impose a lesser sentence under any circumstances." (*People v. Lynch* (2024) 16 Cal.5th 730, 777.)

Whatever the trial court may have intended, there is no clear indication in this record that it would have imposed the same sentence *applying current sentencing laws*, as required by section 1172.75, subdivision (d)(2). (See *Rogers, supra,* 108 Cal.App.5th at p. 361 ["new sentencing laws must be applied by the resentencing court"]; *People v. Carter* (2023) 97 Cal.App.5th 960, 972 [defendant "must be provided an opportunity for full resentencing to argue for further relief under any other ameliorative changes in law that reduce sentences"].) As described below, the law has changed considerably in material ways that could affect English's original sentence. Although the trial court in denying full resentencing made comments generally suggesting it did not believe a lower sentence was warranted, it was not applying any of these new sentencing laws when it made those comments because it did not conduct a full resentencing.

First, effective January 1, 2018, the Legislature amended section 12022.53 to give courts discretion to strike or dismiss firearm enhancements. (§ 12022.53, subd. (h).) Under the prior law in effect at the time of English's 2007 sentencing, "section 12022.53 prohibited courts from striking its enhancements." (*People v. Tirado* (2022) 12 Cal.5th 688, 695.) As construed by our Supreme Court, the new law allows a court not only to strike a section 12022.53 enhancement entirely, but also to impose a lesser firearm enhancement under either section 12022.53 or section 12022.5. (*Id.* at p. 692; *People v. McDavid* (2024) 15 Cal.5th 1015, 1020.)

At the original sentencing in 2007, the trial court imposed eight separate section 12022.53, subdivision (b) firearm use enhancements totaling

7

33 years four months. These multiple firearm use enhancements (for robberies that occurred within a span of five days) account for more than half of English's total prison sentence. Because the trial court in the section 1172.75 proceeding did not conduct a full resentencing, it never applied the current version of section 12022.53 to determine whether to strike one or more of the firearm use enhancements and/or impose lesser enhancements. (See *Monroe, supra,* 85 Cal.App.5th at pp. 398–400 [reversing and remanding for resentencing under section 1172.75 so that trial court could exercise discretion whether to strike firearm enhancements under new § 12022.53, subd. (h)].)

Second, the law has also changed significantly with respect to the imposition of multiple enhancements in a single case. (§ 1385, subd. (c)(2) & (c)(2)(B).) Effective January 1, 2022, the presence of one or more specified mitigating circumstances now "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety," meaning "a likelihood that the dismissal of the enhancement would result in physical injury or serious danger to others." (*Id.*, subd. (c)(2); see *People v. Walker* (2024) 16 Cal.5th 1024, 1034–1036 ["weighs greatly" means the listed mitigating circumstances "strongly favor" dismissal absent finding of danger to public safety].) One of the listed mitigating circumstances is: "Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).) As noted, the trial court imposed eight separate firearm use enhancements totaling 33 years four months at the original sentencing. Because no full resentencing occurred, the court never applied this new sentencing law either.

Although the trial court did comment that it believed English "is a risk to public safety" and "endangers public safety", it used the present tense in making this finding. Moreover, in finding a lack of evidence that "this defendant's age and time served would reduce the defendant's risk of violence," the court appears to have been referring to English's age and time served as of the date of the hearing. Thus, the record does not clearly indicate that the court conducted the required forward-looking analysis to assess whether decreasing English's sentence would pose a risk to public safety *when he is released from prison*. (See *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 227–231 [forward-looking analysis required under section 1385]; see also *People v. Williams* (2018) 19 Cal.App.5th 1057, 1063 [forward-looking analysis required under section 1170.126 to determine whether resentencing would pose unreasonable risk of danger].) With his current sentence, English is not eligible for parole until October 2040, when he will be 60 years old. (See CDCR California Incarcerated Records and Information Search (2025) <https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=T53835> [as of December 16, 2025], archived at <https://perma.cc/C82V-F2NQ>.) The trial court did not specifically address whether *any* earlier release date would endanger public safety.

Third, effective January 1, 2022, the Legislature enacted a new presumption in favor of the lower term if the defendant's youth contributed to the commission of the offense. (§ 1170, subd. (b)(6)(B).) The statute defines "youth" to mean any person under the age of 26 when the offense was committed. (*Ibid*. [incorporating definition in § 1016.7, subd. (b)].) This new law "is a marked departure from the prior law under which [English] was sentenced" in that it "dramatically restrains [the court's] discretion to impose the middle or upper term . . . ." (*Salazar, supra*, 15 Cal.5th at pp. 426, 432.)

9

English was 25 years old at the time of the robberies and 17 years old at the time of his strike prior, which was a juvenile adjudication. Because the trial court did not conduct a full resentencing under section 1172.75, it never determined whether the aggravating circumstances outweighed the mitigating circumstances, as would have been required to overcome the presumption in favor of the lower term. (§ 1170, subd. (b)(6).) If anything, by selecting the middle term under former law at the original sentencing, the trial court impliedly found the aggravating factors did not outweigh the mitigating factors. (See *Salazar*, at pp. 430–431; see *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1283 [reversing and remanding for full resentencing under section 1172.75 so that trial court could "consider the applicability" of the new section 1170, subdivision (b) presumption in favor of the lower term].)

"On this record, 'we cannot say with confidence what sentence [the court] would have imposed' if it were applying [these new sentencing laws] in the first instance." (*Salazar, supra*, 15 Cal.5th at p. 432.) In the trial court, English specifically argued he was entitled to the benefit of each of these ameliorative changes. Even applying the most forgiving *Watson* standard of prejudice, the sentencing landscape has shifted so significantly since 2007 that there is a reasonable probability a full resentencing under current sentencing laws would result in a lesser sentence. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) English is entitled to a proper exercise of discretion by the trial court applying these new sentencing laws, as mandated by the Legislature. We express no view as to how the trial court should exercise its discretion on remand.

## DISPOSITION

The order is reversed and remanded with directions to recall the original sentence, strike the prison prior, and conduct a full resentencing.


BUCHANAN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.