Filed 1/26/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C080351 |
| Plaintiff and Respondent, | (Super. Ct. No. S02CRF0150) |
| v. | |
| STEVEN MARK WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of El Dorado County, Steven C. Bailey, Judge. Reversed with directions.

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Raymond L. Brosterhous II and Kevin M. Cornwall, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Steven Mark Williams appeals from the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012 (the Act). (See Pen. Code, § 1170.126.)[1] He contends the trial court abused its discretion in finding that resentencing would pose an unreasonable risk to public safety and the court erred in failing to apply the definition of unreasonable risk to public safety enacted by Proposition 47 (The Safe Neighborhoods and Schools Act of 2014). We shall reverse.

BACKGROUND

In 2002 defendant was incarcerated at Folsom State Prison for a term of 93 years to life for convictions of robbery (§ 211), second degree burglary (§ 459), and escape (§ 4532, subd. (b)) under the three strikes law along with various enhancements. On June 3, 2002, while in a Nevada County courtroom to address additional charges, defendant escaped. On June 5, 2002, he entered a bank in El Dorado County, claimed he had a gun, and obtained over $2,000 from a teller. He was later apprehended while walking down a road in Auburn.

After his apprehension, defendant admitted to an officer he was addicted to methamphetamine and was using the drug while on the run. He appeared to be delusional, claiming that people were following him the entire time he was out.

On May 2, 2003, defendant was returned to Nevada County and was convicted by plea to grand theft (§ 487), unlawful driving or taking of a vehicle (Veh. Code, § 10851), and escape. The trial court imposed a three strikes sentence of 75 years to life, consecutive to the previous 93 years to life term, for a total term of 168 years to life.

Defendant was subsequently charged in El Dorado County with robbery and second degree burglary with three strikes (§ 667, subds. (b)-(i)) and five prior prison term allegations (§ 667.5, subd. (b)). He pleaded guilty to grand theft and admitted three

---

[1] Undesignated statutory references are to the Penal Code.

strikes. On December 24, 2003, he was sentenced to 25 years to life consecutive to the prior term, for a total term of 193 years to life.

On October 9, 2014, defendant filed a section 1170.126 petition for resentencing on the El Dorado County grand theft conviction. The trial court subsequently appointed a public defender to represent him.

The prosecution filed a response conceding defendant's eligibility for resentencing while asserting the petition should be denied because resentencing defendant posed an unreasonable risk to public safety. The response detailed defendant's criminal history, which included a 1979 juvenile commitment for burglary and receiving stolen property (§ 496), and adult convictions for: burglary in 1982 with a two-year sentence, first degree burglary with a nine-year term in 1987, first degree burglary with a seven-year term in 1992, as well as the various convictions with three strikes terms that make up his current sentence. Defendant's prison disciplinary record included six instances of manufacturing or processing alcohol in prison, two instances of mutual combat, and a March 2014 positive test for methamphetamine.[2]

Defendant testified at the hearing on his petition. He was 53 years old at the time of the hearing, and had served 16 years of his term. He was currently incarcerated at Salinas Valley, where he spent the last 13 years. Recognizing his current term was 193 years, defendant filed the petition in the hope that he could have the possibility of being paroled before he died. Defendant had a "nonnegotiable" term of 43 years to life from Nevada County; if his petition was granted the earliest he could be considered for parole would be in 2039, when he would be 77. He had no gang affiliation in prison. The

---

[2] At the hearing on the petition, the defense objected to two other convictions listed in the response, which the prosecution struck on its own motion. The defense did not object to any other part of the crimes or prison disciplinary matters set forth in the response.

mutual combat disciplinary actions were fights with cellmates when they had been recently placed together. His last disciplinary action for alcohol was in 2011. The positive test for methamphetamine in 2014 "was a one-time thing. I didn't make a habit of it." He did not have a positive test before or since then. Defendant was in the highest custody classification until 2011, when his classification was lowered. Since his classification was lowered, defendant started attending Narcotics Anonymous and was on waiting lists for other classes.

Defendant said he was a "100 percent different person" than the one who entered prison. He was out of control for the first five years because he could not accept his life sentence, but his moral compass was now "put back in direction." While ashamed of what he had done, defendant did not believe he was a bad or dangerous person.

The trial court expressed its concern with defendant's methamphetamine use in 2014, since he admitted using methamphetamine when he committed his current offense. While it was commendable that prison authorities found defendant was less of a risk than others, given his criminal history, prison disciplinary record, and having committed his current offense while out of prison control and on the run, the trial court concluded that resentencing defendant posed an unreasonable risk to public safety and accordingly denied his petition.

DISCUSSION

Defendant contends the trial court abused its discretion in determining that resentencing him would pose an unreasonable risk to public safety. We agree.

Following the Act, a defendant convicted of a felony with two or more prior strike allegations is subject to a 25-year-to-life sentence if the current conviction is a serious or violent felony but is subject only to a two-strike sentence if the current felony is not serious or violent. (§§ 667, subds. (e)(2)(A), (e)(2)(C), 1170.12, subds. (c)(2)(A), & (c)(2)(C); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170.) Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither

4

serious nor violent to petition for resentencing as a second strike offender subject to certain disqualifying exceptions not relevant here. (§ 1170.126, subds. (a), (e).) If the prisoner is not subject to one of the disqualifying factors, then the trial court shall resentence him under the two strikes provision "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

"In exercising its discretion in subdivision (f), the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

Since section 1170.126 vests the trial court with discretion to determine whether resentencing defendant poses an unreasonable risk to public safety, we review the court's decision under the familiar abuse of discretion standard. Using this standard, we consider whether the ruling "exceeds the bounds of reason or is arbitrary, whimsical or capricious. [Citations.] This standard involves abundant deference to the trial court's rulings. [Citations.]" (*People v. Jackson* (2005) 128 Cal.App.4th 1009, 1018.)

Defendant claims "the question concern[s] dangerousness far in the future," rendering inapposite any inquiry into his current dangerousness. He argues that resentencing him would not present a danger to public safety because granting the petition would, at best, give him the possibility of obtaining parole when he was 77. According to defendant, resentencing him "would not threaten public safety because he still would remain imprisoned until his reform and rehabilitation showed that he could be safely released," which would happen no sooner than 24 years from now and only if the "parole board found that his release would not pose an unreasonable risk to public

5

safety." Claiming "it is a virtual impossibility" that resentencing him would endanger public safety, defendant concludes that the trial court's finding constituted an abuse of discretion.

In *People v. Johnson* (2015) 61 Cal.4th 674, our Supreme Court held that a defendant who is convicted of both a serious or violent felony and a felony that is not serious or violent is eligible for section 1170.126 resentencing on the felony that is not serious or violent. (*Johnson,* at p. 679.) In coming to this conclusion, the Supreme Court was mindful of the fact that petitioner would still be serving a life term even after resentencing. "Because an inmate who is serving an indeterminate life term for a felony that is serious or violent will not be released on parole until the Board of Parole Hearings concludes he or she is not a threat to the public safety, resentencing with respect to another offense that is neither serious nor violent does not benefit an inmate who remains dangerous. Reducing the inmate's base term by reducing the sentence imposed for an offense that is neither serious nor violent will result only in earlier consideration for parole. If the Board of Parole Hearings determines that the inmate is not a threat to the public safety, the reduction in the base term and the resultant earlier parole date will make room for dangerous felons and save funds that would otherwise be spent incarcerating an inmate who has served a sentence that fits the crime and who is no longer dangerous." (*Id.* at p. 695.)

This reasoning drives the analysis in this case as well. Determining whether resentencing a defendant poses an unreasonable risk of danger to society is necessarily a forward-looking inquiry. When determining whether resentencing poses an unreasonable risk of danger, the trial court must look to when a defendant would be released if the petition is granted and the defendant is resentenced. A defendant who would obtain immediate release if the petition is granted poses a different potential danger to society than a defendant who could be released only in his or her 70's. This applies with even greater force to a defendant who would still be serving a sentence greater than a human

lifespan even if the petition was granted. For example, defendant's current term of 193 years to life is the equivalent of life without parole since he cannot obtain parole until far beyond a human lifespan. Taking 25 years off this term would still leave a parole date beyond any possible life expectancy. If a defendant's term is still effectively life without parole after resentencing, then resentencing cannot pose an unreasonable risk to public safety.

Unfortunately, we do not know what term defendant would serve if the petition is granted. The trial court did not determine which of defendant's convictions were eligible for resentencing, erroneously bypassing the first step in a section 1170. proceeding.[3] Defense counsel raised defendant's possible release date at the resentencing hearing. Defendant testified that his best-case scenario if the petition was granted was for him to have a chance of parole when he turned 77,[4] which the prosecution did not dispute. Since the trial court did not determine how many of defendant's crimes were subject to resentencing, it could not, and did not, consider what effect granting the petition would have on defendant's ultimate sentence.

---

[3] "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

[4] One of defendant's convictions subject to a three strikes sentence is for a serious felony, a 2000 conviction for robbery for which defendant received 25 years to life plus 12 years for enhancements. His calculation is presumably based on obtaining resentencing on all offenses other than this. Since the trial court did not determine whether his grand theft offense or any of his other offenses were eligible for resentencing it is impossible to determine with precision defendant's possible release date if he was to be resentenced.

If defendant's claim is correct, then granting the petition would not entitle defendant to be released. Rather, the dangerousness determination would be deferred until defendant was 77 and would be vested in the Board of Parole Hearings. (§ 3041, subd. (b)(1); Cal. Code Regs., tit. 15, § 2402, subd. (a).) Resentencing poses significantly less danger to society if it is contingent on a finding at some future date that the defendant no longer poses a threat to society. (See § 3041, subd. (b)(1) ["The panel or the board, sitting en banc, shall grant parole to an inmate unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual."].) The trial court's failure to consider when, if ever, defendant would be released if the petition was granted was an abuse of discretion. We shall therefore reverse and remand for additional proceedings.

On remand, the court must first determine which of defendant's crimes are eligible for resentencing. If one or more of defendant's crimes are eligible for resentencing, only then may the court determine whether resentencing poses an unreasonable risk of danger to public safety. In making that determination, the trial court must take into account when defendant could be released if the petition is granted and whether that release is contingent on considerations of public safety.[5]

---

[5] Defendant also claims the trial court erred in failing to apply the standard of dangerousness governing resentencing under Proposition 47. (See § 1170.18, subd. (b).) The Supreme Court rejected this claim in a case decided while this appeal was pending. (*People v. Valencia* (2017) 3 Cal.5th 347, 352.)

## DISPOSITION

The judgment is reversed and remanded for additional proceedings consistent with this opinion.

_____/s/_____
Blease,  J.

We concur:

\_\_\_\_/s/_____
Raye, P. J.

\_\_\_\_/s/_____
Robie, J.